USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CBF INDUSTRIA DE GUSA S/A, *et al.*,    :
:
:
              Plaintiffs,    :        **ORDER**
:
  -v-    :        13-CV-2581 (PKC) (JLC)
:
AMCI HOLDINGS, INC., *et al.*,    :
:
              Defendants.    :
------------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Plaintiffs have moved to compel five hours of testimony from a Prime Carbon designee under Rule 30(b)(6) concerning three issues: (1) Mende's control over SBT's and Prime Carbon's operations ("Mende's Control"); (2) whether and how the Transfer Agreement transferred SBT's bank liabilities to Prime Carbon ("Transfer Agreement"); and (3) allegedly sizable discrepancies among the various balance sheets used to document the transfer of SBT's assets and liabilities to Prime Carbon ("Balance Sheets"). Defendants oppose the request for a Prime Carbon 30(b)(6) deposition, at least as "currently constituted," because it is "objectively unreasonable." Defendants' May 7 letter ("Def. Ltr.") at 1. They do not believe any further 30(b)(6) testimony is appropriate in this action. At a minimum, they request that the deposition of a former director of Prime Carbon be completed first.

      Having reviewed the parties' submissions related to this dispute, the Court denies Plaintiffs' motion to compel without prejudice. As a threshold matter, it is not clear to the Court why the issues identified need to be explored with a 30(b)(6) witness when other witnesses have already addressed at least the first two issues. It appears that Plaintiffs may be seeking to take a 30(b)(6) deposition as a "clean-up" following the depositions of several witnesses who were

directly involved in the events underlying their claims. As Defendants correctly argue, this is an inappropriate use of a 30(b)(6) deposition. Def. Ltr. at 3, n.2 (citing cases). Moreover, the Court believes that some if not all the issues identified by Plaintiffs that they believe necessitate the testimony of a Prime Carbon 30(b)(6) witness may be addressed in the deposition to be taken of the former Prime Carbon director, which awaits German court approval.[1]

Specifically, on the issue of Mende's Control, Plaintiffs have already deposed almost a half dozen witnesses on this topic. In several of these depositions, the deponents identified the former Prime Carbon director, whose deposition is yet to be taken, as the one with knowledge of SBT management's interactions with AMCI. It would thus behoove Plaintiffs to take this deposition first and then determine whether there is still a basis to justify a 30(b)(6) deposition on this topic.

On the Transfer Agreement issue, Defendants have agreed to provide certain information. Def. Ltr. at 3. Moreover, Plaintiffs have already deposed the lawyers who drafted the Transfer Agreement. It appears that Plaintiffs may wish to depose a Prime Carbon 30(b)(6) witness about certain legal aspects of the Agreement, which would be improper as a 30(b)(6) deponent cannot be asked for legal conclusions. Def. Ltr. at 4 n.3 (citing cases). Thus, the request related to this issue appears premature, or alternatively is beyond the proper scope of a 30(b)(6) deposition.

Finally, as to the Balance Sheets, an issue only recently identified by Plaintiffs, Defendants have represented that they are looking into the matter, will identify which balance sheet entries are correct, and may rely on the testimony from the former Prime Carbon director depending upon his knowledge of the topic. Def. Ltr. at 5.

---

[1] The parties have redacted the individual's name in their submissions to the Court so this Order will not identify the individual by name at this time.

In sum, the facts and circumstances augur in favor of a denial of the request for a Prime Carbon 30(b)(6) witness at this time. After Defendants potentially make additional production and/or provide additional clarifications on the issues, and the deposition of the former Prime Carbon director takes place, the record will be more fully developed. If Plaintiffs still believe that a Prime Carbon 30(b)(6) deposition can thereafter be justified, they may renew their request.

The Clerk is respectfully directed to closed Docket No. 509 and mark it as "denied without prejudice."

**SO ORDERED.**

Dated: May 19, 2021
      New York, New York

JAMES L. COTT
United States Magistrate Judge