

# MANDEL BHANDARI LLP

80 Pine Street | 33rd Floor | New York, NY | 10005 | T. (212) 269-5600 | F. (646) 964-6667 | www.mandelbhandari.com

**BY ECF**  February 14, 2022

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: ***CBF Industria De Gusa S/A, et al. v. AMCI Holdings, Inc., et al.,***
     <u>Case No.: 13 Civ. 2581 (PKC) (JLC)</u>

Dear Judge Castel:

*[Handwritten: Application provisionally GRANTED SO ORDERED /s/ USDJ 9-15-22]*

We represent the Defendants in the above-captioned action. We write pursuant to Rule 5(B) of this Court's Individual Practices to seek leave to file with redactions and/or under seal certain documents submitted in connection with Defendants' Motion for Summary Judgment.

Defendants seek to file a redacted version of:

- Defendants' Reply Memorandum of Law Re: Motions for Summary Judgment; and

- Defendants' Corrected 56.1 Statement of Material Facts[1]

In addition, Defendants seek to file under seal exhibits DX 260, DX 261, DX 265, and DX 266 to the Reply Declaration of Robert Glunt in Support of Defendants' Motion for Summary Judgment.

These documents meet the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) for the following reasons.

- Exhibits DX 260, DX 261, DX 265, and DX 266 are all excerpts of depositions taken in Switzerland pursuant to the Hague Convention and their contents are subject to the Swiss Data Protection Law, which restricts their public disclosure.

---

[1] In preparing Defendants' Reply Memorandum of Law, Defendants' counsel discovered that paragraphs 146-147, 151-155 and 157 inadvertently referred to the wrong expert report, *i.e.* they said "Rutz" ¶ 40 when they actually meant "Solomon ¶ 40." To avoid needless confusion in the Court's review of the voluminous motion papers and exhibits, we have submitted a corrected version that fixes that typographical error but makes no other changes. The Court is obviously free to consider or reject the corrected version as it sees fit.

Case 1:13-cv-02581-PKC-JLC Document 611 Filed 09/15/22 Page 2 of 3
Case 1:13-cv-02581-PKC-JLC Document 597 Filed 05/05/22 Page 2 of 3

Honorable P. Kevin Castel
May 5, 2022
Page 2

- Defendants' Reply Memorandum of Law redacts references to information taken from documents that have been provisionally placed under seal by prior orders of the Court. *See* ECF 549, ECF 575.

- Defendants' Corrected 56.1 Statement of Material Facts is an identical copy to Defendants' original 56.1 Statement, except for the correction of an inadvertent typographical error. It is redacted in an identical fashion to the original document, which was provisionally permitted to be submitted in redacted form by prior order of the Court. ECF 575.

I.  **The Swiss Data Protection Law**

Numerous documents in this action were produced by Defendants themselves or non-parties from sources based in Switzerland. To the extent that these documents contain "information relating to an identified or identifiable person" they are subject to the Swiss Federal Act of 19 June 1992 on Data Protection (updated January 2014) (CC 235.1) ("Swiss Data Protection Law"). An English translation of that law is attached hereto as Exhibit A and available online at:

https://www.fedlex.admin.ch/eli/cc/1993/1945_1945_1945/en

This law is significantly broader and stricter than any comparable U.S. Law and imposes substantial restrictions on the export of any electronic documents containing information about private individuals or business entities. This includes information that would not typically be considered sensitive in the United States

The Swiss Data Protection Law protects from disclosure "personal data," broadly defined as "all information relating to an identified or identifiable person," including both "natural" and "legal" persons. Swiss Data Protection Law, Art. 3(a) & (b). Critically, the Swiss Data Protection Law permits foreign disclosure of "personal data" only in limited circumstances and only where specific steps are taken that ensures that Swiss laws are respected and the subject data is treated appropriately. *Id.* Arts. 6 & 7. As recognized by the Sedona Conference, this is commonly accomplished with a Protective Order, which "signifies to [foreign] data protection authorities that the Data Protection Laws are respected and that Protected Data will be treated appropriately by the parties under the auspices and protections of the U.S. court." The Sedona Conference: International Principles on Discovery, Disclosure & Data Protection in Civil Litigation (Transitional ed.) (Jan. 2017), at Principal 4. (attached hereto as Exhibit B).

To ensure compliance with the strictures of Swiss Data Protection Law, the late Judge Sweet approved and entered a Stipulated Protective Order that afforded appropriate protection for, among other things, material subject to "foreign Data Protection Laws...." (ECF #120, ¶ 4.) In reliance on the Stipulated Protective Order, Defendants then produced "personal data" otherwise subject to protection and limited disclosure under Swiss Data Protection Law. But for the Stipulated Protective Order, Defendants would have not been able to produce documents from Switzerland-based sources in the manner that they did, and Plaintiffs likely would have

Honorable P. Kevin Castel
May 5, 2022
Page 3

been left to explore other alternatives for acquiring those materials, including pursuing discovery under the Hague Convention. In short, the issuance of the Stipulated Protective Order facilitated a more fulsome U.S.-style of discovery than would have otherwise likely occurred under the Hague Convention.

Because of the specific circumstances of this case, the Stipulated Protective Order was not merely an "umbrella protective order" entered to "facilitate discovery" that would have been exchanged anyway. *See Lugosch*, 435 F.3d at 125. To the contrary, absent the Stipulated Protective Order and its specific attention to issues related to Swiss Data Protection Law, information produced by Defendants or non-parties from Switzerland-based sources in this matter could not have been produced in the same manner in compliance with Swiss Data Protection Law and without risking liability. Upholding the reasonable expectations of parties who sought and relied upon the terms of the Stipulated Protective Order to ensure compliance with Swiss Data Protection Law represents a "higher value" that warrants sealing of these materials.

As a consequence, the four excerpts of the transcripts of depositions of foreign witnesses taken in Switzerland (the "Swiss Deposition Transcripts") should be sealed to ensure compliance with Swiss Data Protection Law. Those depositions were taken pursuant to Letters of Request and in accordance with the Hague Convention. Each witness testified voluntarily under the express written condition that "[a]ny applicable provision, rules or other measures imposed by Swiss law and/or the Hague Convention regarding the holding of depositions or otherwise obtaining evidence in Switzerland by a foreign authority *will be strictly adhered to*...." (*See* Exhibit C, Letters of Request) (emphasis added). In each deposition of a witness deposed pursuant to the Letters of Request, Plaintiffs themselves marked the Letters of Request as exhibits and asked each witnesses if they understood that they were testifying pursuant to them. They indicated that they did. As a consequence, Swiss Data Protection Law governs the transcript, and those documents should be sealed for the same reasons that electronic documents produced from Switzerland-based sources should be sealed.

To the extent that the Court desires more information or argument – as to a specific legal point or a specific document – Defendants respectfully requests that they be given the opportunity to present it.

Respectfully submitted,

/s/ Robert Glunt
Robert Glunt

cc: Counsel of Record
(via ECF)