UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CBF INDUSTRIA DE GUSA S/A, et al.,

                Plaintiffs,                            13-cv-2581 (PKC)

    -against-                                   ORDER

AMCI HOLDINGS, INC., et al.,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court has received the joint letter of July 12, 2023 concerning the Final Pre-Trial Conference set for July 26, 2023. The Court has reviewed the parties' motions in limine. If the parties are content to rest on their submissions that will be sufficient, except that the Court may pose questions. The Court anticipates ruling on the motions at the conference. Jury instructions will be addressed at trial.

        The questions posed in the letter concerning trial schedule are consistent with the parties' view stated in their Joint Pre-Trial Order that, left to their own predilections, they would occupy the time of a jury sitting in this district for more than a month (20 trial days). It is the Court's view that preservation of the right to a jury trial is dependent upon the cooperation of citizen-jurors, some of whom travel to Court from distant localities in Westchester and Rockland Counties. Jurors uniformly desire to have trials completed in fewer days rather than have their service prolonged. We will not sit on October 9 (Columbus Day) and September 25 (Yom Kippur).

        There are many arrangements that counsel can make to promote efficiency, including engaging in trial prep at an earlier time so as to avoid a conflicting religious obligation,

calling a different witness out of turn, or shortening the length of a trip over Columbus Day weekend to three days.

The Court feels reasonably certain that it can accommodate Mr. Bhandari's request that the trial be completed by October 31, 2023, because by then, the Court will be winding up the trial of United States v. Silva, 20-cr-120, which commences on October 23, 2023.

The Court recognizes that there are multiple defendants and a jury has been demanded. But the only claim remaining is a single claim to enforce the Award under the New York Convention and such a claim is intended to be adjudicated in a summary proceeding.

Taking full account of the Court's familiarity with the claims and defenses, the stipulation of facts, the nature of discovery in this case and the evidentiary assertions reflected in the Joint Pre-Trial Order and motions in limine, and the absence of self-restraint exhibited by the parties in their submissions (see, e.g., the 826 paragraphs of statement and counterstatements of fact on the summary judgment motions),[1] the Court intends to set time limits (calculated in hours and measured in chess clock fashion) on each side's presentation of evidence and argument. As part of its formulation of time limits, it will consider the proposals of each side, which may be filed by July 18, 2023. Also, at trial, the Court reserves the right to modify the limits in the interest of justice.

The principals on each side should be redoubling their efforts to settle this matter. The Court will require the parties to make a joint submission to the Chambers email inbox (and not filed on ECF) by July 18, 2023 on the process (not negotiating positions) utilized by the parties to resolve this case since the Court's Opinion and Order of January 13, 2023, including any past or future meeting and the identity of participants.

---

[1] See Opinion and Order of January 13, 2023 at p. 4.

- 3 -

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 12, 2023